Vernon E. Leverty, Esq., NV Bar No. 1266
Patrick R. Leverty, Esq., NV Bar No. 8840
William R. Ginn, Esq., NV Bar No. 6989
LEVERTY & ASSOCIATES LAW CHTD.
832 Willow Street
Reno, Nevada 89502
Ph: (775) 322-6636 • Fax: (775) 322-3953
Attorneys for Plaintiffs
Christopher Bulen and Janith Martinez

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER BULEN, an individual, and JANITH MARTINEZ, an individual, on behalf of themselves and all those similarly situated, | |
| Plaintiff, | CASE NO. 3:10-cv-00755-RCJ-VPC |
| v. | **STIPULATED PROTECTIVE ORDER** |
| REALOGY CORPORATION, a Delaware Corporation; REALOGY FRANCHISE GROUP, LLC, a Florida limited liability company, DOES I-XXX, and ABC CORPORATIONS A-Z, | |
| Defendant. | |

TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

IT IS HEREBY STIPULATED AND AGREED to, by and between the parties to this action, through their respective attorneys of record, ARMSTRONG TEASDALE, LLP for Defendants, Realogy Corporation and Realogy Franchise Group, LLC, and LEVERTY & ASSOCIATES LAW, CHTD. for Plaintiffs Christopher Bulen and Janith Martinez, ("Plaintiffs"), that certain documents produced, information exchanged, or testimony given in connection with discovery proceedings in this action shall be subject to the following confidentiality agreement ("the Agreement"):

1. The documents that are the subject of this Agreement include those documents which the parties (or a non-party witness compelled to produce documents) contend are protected by the relevant laws and rules, and are marked by the producing party as "CONFIDENTIAL" ("Confidential Documents"). In addition, if a disclosing party or non-party witness believes in good faith that certain sensitive confidential information warrants further additional protection, the disclosing party or non-party witness may designate such information as "CONFIDENTIAL—ATTORNEY'S EYES ONLY," hereafter "Restricted Documents."

2. It is the intent of the parties to preserve the confidentiality of the Confidential Documents and Restricted Documents and the information learned from them. The Confidential Documents, Restricted Documents, the information learned from them, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" are not to be used in any fashion other than for the purposes of this litigation, and are not to be disclosed to any persons or entities except as set forth in the Agreement, and are to be kept confidential to the extent possible, even within the confines of this litigation.

3. In the event any party marks any document or testimony "CONFIDENTIAL" which the other party believes is not protected by any trade secret privilege or is not confidential or proprietary in nature, the parties shall within thirty (30) days of the production of the questioned documents, meet and confer in good faith regarding removal of the "CONFIDENTIAL" designation. In the event the parties are unable to reach an agreement regarding designation of the documents as Confidential Documents subject to this Agreement or designation of testimony as subject to the restrictions of this Agreement, the party opposing the designation shall move the Court for an order de-designating the subject documents as "CONFIDENTIAL." Nothing within this Agreement or corresponding order shall preclude either party from making such motion. The burden of persuasion of any challenge proceeding shall be on the designating party. The parties agree to continue to afford the material confidential protection until the Court rules on any such motion.

4. In the event any party marks any document or testimony "CONFIDENTIAL-ATTORNEY'S EYES ONLY" which the other party believes is not protected by any trade secret privilege or is not confidential or proprietary in nature, an opposing party can challenge said designation by writing to the producing party stating they do not believe the document warrants the heightened confidentiality designation (the "Challenge Letter"). Once challenged, the producing party who designated the document(s) as a Restricted Document, has the burden of presenting the issue to the Court or Magistrate within thirty (30) days in order for the Court or the assigned Magistrate to rule whether the documents warrants the "CONFIDENTIAL-ATTORNEY'S EYES ONLY" designation. The parties agree to continue to treat the documents as a Restricted Document until the Court rules on any such motion. If the producing party fails to present the issue to the Court within thirty (30) days of its receipt of the Challenge Letter, the challenged document shall be treated as a Confidential Document.

5. Immediately following the conclusion of this litigation, either by settlement, judgment, dismissal or otherwise, the attorneys for the party receiving the Confidential Documents or Restricted Documents shall certify that said documents have been destroyed in an affidavit or declaration, including any copies they made of the documents and including any extracts and/or summaries of, or other documents derived in whole or in part from material designated from the Confidential Documents or Restricted Documents or which contains information taken from the Confidential Documents or Restricted Documents.

6. Unless otherwise ordered by the Court or permitted in writing by the designating party, Confidential Documents shall be disclosed only to the following persons, and may be used by such persons solely for the purposes of this lawsuit and for no other purposes whatsoever:

   a. The Court and its officers in accordance with Paragraph 9 herein;
   b. Counsel of Record and the staff assigned to assist Counsel of Record in this matter;

STIPULATED PROTECTIVE ORDER
3

     c.    Any experts or consultants and their staff consulted or retained by any of the Parties or by counsel for any of the Parties for the purposes of this Action; provided such persons complies with Paragraph 7 herein;

     d.    Witnesses during depositions in accordance with Paragraph 10 herein;

     e.    Persons recording testimony involving such Confidential information, including Court reporters, stenographers and audio and/or video technicians, and clerical staff employed by any of the foregoing;

     f.    Mediators who may be authorized by the parties to mediate the case;

     g.    Any person designated by the Court in the interests of justice, upon such terms as the Court may deem proper; and.

     h.    the Parties to this litigation.

This Order shall not be construed in any manner to preclude free access by any individual to any hearing, trial or any other matter heard in open court. To "disclose" the Confidential Documents means to provide the Confidential Documents, or any one of them, to provide any documents which discuss the Confidential Documents, or to discuss or refer to the contents of the Confidential Documents.

7. The Confidential Documents shall be disclosed to an expert or consultant under Paragraph 6 of the Agreement only upon the expert or consultant signing Exhibit 1 to the Agreement. Said expert or consultant witnesses shall not disclose the Confidential Documents to any person or entity. Said expert or consultant shall return the Confidential Documents and all copies thereof, including extracts and/or summaries of the Confidential Documents containing information taken from the Confidential Documents, to the party's respective counsel at the conclusion of the litigation. The original of such signed Exhibit 1 shall be retained by counsel for each party who intends to or does provide such expert or consultant any such Confidential Documents, until the conclusion of the above-captioned action, including any appeals. If requested to do so by counsel for any party, counsel shall provide a copy of such declarations to counsel making the request, unless such disclosure would provide information not otherwise

1  subject to discovery (e.g., identification of non-testifying consultant experts or retained experts
2  prior to expert disclosure date or identification of potential witnesses in violation of work
3  product protection or any privilege). The parties agree not to use these declarations for any
4  purpose other than monitoring and enforcing compliance with this Order. The parties further
5  agree to treat the declarations as confidential.
6  8.    Any document designated a Restricted Document and stamped
7  "CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall only be used in connection with the
8  prosecution or defense of this litigation and may only be disclosed to counsel, including its in-
9  house counsel, for the parties or to the Court in accordance with paragraph 7. Restricted
10 Documents may be disclosed to persons at depositions or court proceedings if counsel has
11 obtained advance written consent of counsel for the party or non-party who produced that
12 material or if counsel for the party or non-party who produced the Restricted Documents
13 Confidential consents on the record at any deposition, except that the consent need not be
14 obtained if (i) the person to be shown the document is an author or recipient of the Restricted
15 Document or (ii) the person is known to have prior knowledge of the substance of the specific
16 Restricted Document to be disclosed. A party is not required to seek advance consent to use a
17 Restricted Document in connection with the depositions of employees of the producing party. A
18 party is also not required to seek advance consent in order to provide a Restricted Document to
19 the Court, so long as said document is filed under seal in accord with paragraph 9 herein.
20 9.    No party or non-party shall file or submit for filing as part of the court record any
21 documents under seal without first obtaining leave of court. Notwithstanding any agreement
22 among the parties, the party seeking to file a paper under seal bears the burden of overcoming the
23 presumption in favor of public access to papers filed in court. Any party or non-party seeking to
24 file or submit any "Confidential Document" or "Restricted Document" as part of the court record
25 shall make a good faith effort to obtain leave to file the document under seal, and shall afford all
26 other parties sufficient notice to permit them to be heard on the question of whether the
27 document shall be sealed.
28

STIPULATED PROTECTIVE ORDER
5

a) If the Court grants a party leave to file or submit a filing under seal, the parties agree to send full and complete copies of the sealed filing, with all exhibits, electronically as soon as reasonably possible to the other party, as well as mailing, via first class mail or comparable means, a paper copy of the entire filing, including exhibits.

10. During any deposition in which any of the Confidential Documents, Restricted Documents, or confidential material subject to this Agreement are offered as an exhibit, or a witness is questioned about the specific contents of same, whether or not offered as an exhibit, all persons present at the deposition shall be provided a copy of this Agreement and agree to observe the confidentiality of the Confidential or Restricted Documents, the material and the terms of the Agreement. Said agreement shall be placed on the record at the deposition, and the Agreement shall me made an exhibit to the deposition. No witness shall be permitted to take any of the Confidential Documents or Restricted Documents, or any copies of same, from the deposition, nor shall they be permitted to retain any of the Confidential Documents or Restricted Documents, nor shall they be permitted to disclose any of the Confidential Documents or Restricted Documents. Within fifteen (15) days of receipt of the original or a certified copy of the deposition transcript, if a party asserting confidentiality contends any testimony pertaining to any document marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" (or regarding any subject matter that the party in good faith believes warrants the protections afforded by this Agreement), is to be made subject to this Agreement, designating counsel shall provide written notice to receiving counsel of the page and line numbers so designated. If a document designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" is used as an exhibit at a deposition, that document and the section of the deposition testimony concerning it shall be deemed a "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" matter regardless of whether a party makes any formal designation thereof in connection with the deposition. If any portion of a deposition transcript is designated and/or deemed a "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES

1  ONLY" matter, including exhibits, any production or lodging of the transcript in its entirety shall
2  be produced and/or lodged under seal pursuant to Paragraph 9, above.
3  11.   The parties reserve the right to seek an order from the Court, on noticed motion, to
4  modify or change this Agreement, including the right to have documents re-designated (or un-
5  designated), pursuant to Paragraphs 3 and 4, above. This Agreement and the Confidential
6  Documents and Restricted Documents governed hereby can only be deemed not confidential by
7  an order of the Court upon motion or by stipulation.
8  12.   Notwithstanding the termination of this action by settlement, judgment, dismissal or
9  otherwise, the United States District Court for the District of Nevada - Reno shall retain
10 jurisdiction to enforce the Agreement.
11       IT IS SO STIPULATED.
12 Dated this 16th day of August, 2012.                  Dated this 16th day of August, 2012.
13 **LEVERTY & ASSOCIATES LAW CHTD.**                    **ARMSTRONG TEASDALE, LLP**

/S/ Patrick Leverty                                      /S/ David Jermann
Vernon E. Leverty, Esq.                                  David Jermann, Esq.
Patrick R. Leverty, Esq.                                 Richard G. Campbell, Jr. Esq.
William R. Ginn, Esq.                                    Bret F. Meich, Esq.
832 Willow Street                                        50 West Liberty Street, Suite 950
Reno, Nevada 89502                                       Reno, Nevada 89501
Telephone: (775) 322-6636                                Telephone (775) 322-7400
Facsimile: (775) 322-3953                                Facsimile: (775) 322-9049
Counsel for Plaintiffs                                   Counsel for Defendant

**ORDER**

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

DATED: August 20, 2012

STIPULATED PROTECTIVE ORDER
7

# EXHIBIT 1

I, _____, declare:

1. I hereby acknowledge that I have read the Stipulated Protective Order regarding the Confidential Documents (hereinafter "Order") in the case of Christopher Bulen and Janith Martinez vs. Realogy Corporation and Realogy Franchise Group, LLC, U.S. District Court for the State of Nevada, Case No. 3:10-cv-00755-RCJ-VPC(the "Lawsuit") and I understand the terms of the Order and agree to abide by and be bound by the terms of the Order.

2. I further acknowledge that I understand that the Confidential Documents may not be disclosed to anyone, except as authorized by this Order.

3. I further acknowledge that the Confidential Documents may not be used for any purpose other than as required for my work in the Lawsuit. I further understand and acknowledge that any dissemination or use of such Confidential Documents or information in a manner inconsistent with the Order may subject me to contempt proceedings.

4. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

5. Upon final dissolution of the Lawsuit, I shall return all copies of the Confidential Documents to the attorney, entity or person that retained me or my firm in the Lawsuit, or that provided me with the Confidential Documents.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Dated: _____          By: _____