1    RICHARD G. CAMPBELL, JR.
     Nevada Bar No.: 1832
2    BRET F. MEICH
     Nevada Bar No.: 11208
3    DAVID A. JERMANN
     *Pro Hac Vice*
4    ARMSTRONG TEASDALE LLP
     50 West Liberty Street, Suite 950
5    Reno, Nevada 89501
     Telephone No.: (775) 322-7400
6
     Attorneys for Defendants
7



8                    UNITED STATES DISTRICT COURT

9                        DISTRICT OF NEVADA

10
     CHRISTOPHER BULEN and JANITH          CASE NO. 3:10-CV-00755-RCJ-VPC
11   MARTINEZ,

12             Plaintiffs,
                                           JOINT MOTION AND [PROPOSED]
13        vs.                              ORDER TO AMEND CLASS
                                           DEADLINES
14   REALOGY CORPORATION, et al.,

15
               Defendants.
16
        Come now Plaintiffs Christopher Bulen and Janith Martinez ("Plaintiffs") and Defendants

17   Realogy Corporation and Realogy Franchise Group LLC (hereafter "Realogy"), by and through

18   undersigned counsel, and hereby jointly seek an order of this Court amending the current scheduling

19   order relating to the completion of class discovery and class certification briefing.  In support this

20   Motion, the parties state as follows:

21        1.     On June 25, 2012, this Court entered its current scheduling order setting various

22   deadlines in this action, including a class discovery deadline of November 12, 2012, and a class

23   certification briefing deadline of December 10, 2012 ("Class Deadlines").  With these and other

24   deadlines in mind, the parties have been working diligently to complete necessary discovery in

25   advance of the Class Deadlines.

26        2.     On October 18, 2012, this Court held a case management conference in order to

27   address discovery disputes that had arisen relating to Realogy's document production and regarding

28

Case 3:10-cv-00755-RCJ-VPC   Document 95   Filed 10/26/12   Page 2 of 6

1   the depositions Plaintiffs were seeking to take. During the hearing this Court ordered, *inter alia*, that
2   Realogy was required to complete its production and produce all of its documents to Plaintiffs'
3   counsel by close of business on Monday, October 29, 2012. *See* Doc. 92. The Court also directed
4   Realogy to categorize documents that were still to be reviewed into 20 different categories in lieu of
5   Realogy having to index the documents as to each of Plaintiffs' document requests. *Id.*

6          3.    In terms of depositions, during the hearing counsel for Realogy proposed taking the
7   depositions of Realogy employees Chris Sears, Rhonny Barragan, and Travis Bailey, along with a
8   Realogy corporate representative witness, on November 6, 7 and 8 in Parsippany, New Jersey. This
9   Court further ruled that while Plaintiffs would not, at present, be allowed to take the deposition of
10  Alex Perriello, Plaintiffs would be permitted to proceed with the depositions of Katrina Najm and
11  Kevin Doell. *See* Doc. 92. The parties were instructed to "meet and confer" to confirm the
12  deposition dates. *Id.* This Court also instructed Plaintiffs' counsel to provide defense counsel with
13  contact information for counsel for the attorney representing third-party defendant, Donald Paciello,
14  in order for defense counsel to learn whether Mr. Paciello would be participating in the litigation and,
15  in addition, in order to schedule Mr. Paciello's deposition. *Id.*

16         4.    In accord with this Court's October 18 Order, Realogy has worked to expedite as
17  much as possible Realogy's review and production of documents responsive to Plaintiffs' more than
18  400 document requests. Since October 18, 2012, a 12-person document review team has worked to
19  review more than 25,000 documents in an effort to locate, categorize, redact and Bates-label
20  documents requested by Plaintiffs. Despite these efforts, however, Realogy is still in the process of
21  scanning and running searches on the computers of other Realogy employees who are believed to
22  have potentially responsive documents, and Realogy will not be able to conclude its production of
23  documents by the Court-imposed deadline of October 29, 2012. Realogy can complete its production
24  by November 16, 2012.[1] *Id.*

25

26

27  [1] Realogy will follow the Court's order to produce documents on a "rolling basis." Doc. 92.
28  Realogy will be making productions on October 26 and October 29, and will commit to producing
    documents on November 5 and 12, with a final production arriving in at Plaintiffs' counsel's office
    on November 16.

Case 3:10-cv-00755-RCJ-VPC   Document 95   Filed 10/26/12   Page 3 of 6

5.      In light of the fact that Realogy will not be able to produce all of its documents in advance of the currently scheduled depositions set to begin November 6—and given Plaintiffs' need to have the documents in advance of these depositions—counsel for Realogy contacted Plaintiffs' counsel in an attempt to develop revised Class Discovery deadlines and an agreeable deposition schedule.

6.      Although Plaintiffs have concerns about the ability to maintain the current trial date if the Class Discovery deadlines are moved, based on the representations by defense counsel that Realogy cannot complete it production by October 29, 2012, but will be completed by November 16, 2012, Plaintiffs are agreeable to the following proposed modifications of the Class Discovery deadlines:

> Class discovery deadline extended from the current date of **November 10, 2012** to **December 20, 2012** (an extension of 39 days).
>
> Class certification briefing deadline extended from the current date of **December 10, 2012** until **January 25, 2013** (an extension of 46 days).

7.      In order to complete the necessary depositions within this proposed amended class discovery schedule, Realogy has agreed to make its witnesses available the week of December 10, 2012, pursuant to the following schedule:

> 12/10 – Travis Bailey
>
> 12/12 – Rhonny Barragan
>
> 12/13 – Realogy Corporate Representative
>
> 12/14 – Chris Sears

8.      Realogy has also agreed to coordinate the depositions (and accept subpoenas for) former employees Katrina Najm and Kevin Doell.[2]   Realogy is also attempting to coordinate the depositions of these individuals on Tuesday, December 11 (or during the evening during the week of December 10) in order to complete all depositions during the week.

9.      Plaintiffs' counsel has agreed to produce Plaintiffs for their depositions on December 18 and 19, 2012, with the depositions of Third-Party Defendant Donald Paicello to be scheduled at a

---

[2] Following the October 18 hearing, counsel for Realogy learned that Mr. Doell is no longer an employee of Realogy.

1  time convenient for all of the parties and Mr. Paciello, but before the class discovery cut-off of

2  December 21, 2012.[3]

3      10.    On or about September 20, 2012, Plaintiffs served Donald Paciello and a FED. R. CIV.

4  P. 30(b)(6) representative of Townsend Hoffman Corp. for deposition. Subsequently, on October 1,

5  2012, the Realogy defendants were granted leave to file a third-party complaint naming Donald

6  Paciello and Townsend Hoffman Corp.  As noted in footnote three, counsel for Donald Paciello has

7  suggested that Mr. Paciello may file bankruptcy in view of the third-party complaint filed by the

8  Realogy Defendants.  To avoid any further delay of the deposition of Mr. Paciello and/or the FED. R.

9  CIV. P. 30(b)(6) deponent for Townsend Hoffman Corp., Plaintiffs propose that  Mr. Paciello and

10  Townsend Hoffman Corp. be afforded an extension of time to answer or otherwise plead until

11  January 7, 2013, such that those depositions can occur without being threatened by a bankruptcy stay.

12  Defendant disagrees with this proposal, believing instead that such an open extension could in fact

13  serve to further delay the progress of this litigation.  Defendants instead believes Paciello and the

14  other third-party defendants should be held to the usual answer deadlines in order to enable the

15  parties and this Court to know as soon as possible whether they will be appearing in the case, whether

16  defaults should be taken, or as has been suggested is a possibility, if one or more of the third-party

17  defendants will file bankruptcy.

18      11.    Plaintiffs are extremely concerned about the possibility of this order affecting the

19  scheduled trial date in this matter, and are only agreeing to this extension because Realogy has

20  represented that it cannot produce the documents first requested on June 29, 2012, from Realogy

21  before November 16, 2012. Given the dates set forth in the scheduling order, Plaintiffs foresee that it

22  is extremely likely that the deadlines in the scheduling order, particularly the discovery cut-off, the

23  expert witness deposition cut-off, and the due date for the pretrial order, will need to be extended due

24  to Realogy's need for more time to review documents.  Plaintiffs cannot agree with the factual

25  statements set forth in paragraph 4 above, and do not understand why Realogy has waited until the

26  

27  [3] It should be noted that counsel for Donald Paciello has suggested that Mr. Paciello may file

28  bankruptcy.  Under this scenario, it would be necessary for Realogy to seek leave of the bankruptcy court in order to be able to depose Mr. Paciello with respect to issues germane to the Realogy's third-party claims.

Case 3:10-cv-00755-RCJ-VPC   Document 95   Filed 10/26/12   Page 5 of 6

last minute to begin to review the alleged 25,000 documents, which relate to discovery requests made in either June or August 2012. Realogy disagrees with Plaintiffs' characterization of Realogy's document production efforts, and regrets that it has taken more time than anticipated to produce documents responsive to Plaintiffs' 400-plus document requests, Realogy believes with the proposed extension they can meet these and all future deadlines in the case.

12.    Anticipating this Court's entry of the proposed order provided herewith, the parties do not believe any additional matters need to be addressed at the status conference currently scheduled for October, 31, 2012, and request that said conference be vacated.

WHEREFORE, for the reasons set forth herein, the parties seek an order of this Court extending the current class discovery deadline until December 21, 2012, and the class certification briefing deadline until January 25, 2013.   Realogy further requests that its deadline to deliver documents to Plaintiffs' counsel be extended until November 16, 2013.

Respectfully submitted,

DATED: October 26, 2012.

LEVERTY & ASSOCIATES LAW, CHTD.          ARMSTRONG TEASDALE LLP


By: */s/ Patrick Leverty*_____
 . Vernon Leverty
   William R. Ginn
   Patrick Leverty
   832 Willow Street
   Reno, NV 89502
   Telephone: (775) 322-6636
   Facsimile: (775) 322-3953

   Attorneys for Plaintiffs

By: */s/ Bret F. Meich*_____
   Richard A. Campbell
   rcampbell@armstrongteasdale.com
   Bret F. Meich
   bmeich@armstrongteasdale.com
   David A. Jermann
   djermann@armstrongteasdale.com
   (*pro hac vice*)
   50 West Liberty, Suite 950
   Reno, NV 89501
   Telephone: 775.322.7400
   Facsimile: 775.322.9049

   Attorneys for Defendants


## ORDER

**IT IS SO ORDERED** that the current scheduling order relating to the completion of class discovery is extended until December 21, 2012, with class certification briefing due January 25,

1    2013.

2    **IT IS FURTHER ORDERED** that the Realogy defendants are granted an additional 18 days

3    to complete their review and production of documents requested by Plaintiffs, to and including

4    November 16, 2012.

5    **IT IS FURTHER ORDERED** that the Status Conference scheduled for October 31, 2012, is

6    hereby vacated.

7    DATED: This ___ day of October, 2012.

8

9

10    UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6