UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JANITH MARTINEZ,

    Plaintiff,

v.

REALOGY CORPORATION; and
REALOGY FRANCHISE GROUP, LLC,

    Defendants.

Case No. 3:10-CV-00755-RCJ-VPC

**PRELIMINARY APPROVAL, CLASS CERTIFICATION AND SETTLEMENT IMPLEMENTATION ORDER**

Upon reviewing the Stipulation and Agreement of Settlement between JANITH MARTINEZ (the "Plaintiff") on behalf of herself and as representative of the Class (hereinafter defined), and REALOGY CORPORATION and REALOGY FRANCHISE GROUP LLC (the "Defendants") (Plaintiff and Defendants being collectively referred to herein as the "Parties"), dated March 6, 2013, including the exhibits and Addendums annexed thereto (the "Settlement Agreement"), as executed by the Parties and their counsel in the above-captioned class action (the "Action"), and the Court having read and considered the Settlement Agreement and the Parties having consented to the entry of this Order,

**IT IS HEREBY ORDERED THAT:**

1. This Court finds that the terms of the Settlement Agreement between the Plaintiff, on behalf of herself and the Class are sufficiently fair, reasonable, and adequate to allow dissemination of notice to the Class, and upon consideration of the joint application for preliminary approval submitted by counsel for the Parties, the Settlement is preliminarily approved as fair, reasonable, and adequate, subject to further consideration at a final hearing

referred to in paragraph 2 below.  The Court further finds that the Class as described in the Settlement Agreement may be certified on a preliminary basis for purposes of settlement, subject to the consideration at the hearing.

2. A Fairness Hearing shall be held before this court on 09:00 A.M., Monday, October 6, 2014, Courtroom 6, a.m./p.m., at the United States District Court for the District of Nevada, 400 South Virginia Street, Reno, Nevada, to consider the fairness, reasonableness, and adequacy of the Settlement to the Class, Plaintiff's counsel's application for an award of attorneys' fees and reimbursement of expenses, and such other matters as may be presented to the Court at that time.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement, a Settlement Class of all persons who are or were Realogy brand affiliated brokers, sales associates or employees, and their family members as applicable, who, between July 2007 and July 2010, purchased and/or paid premiums for a health insurance program sold by AFID, LLC and/or "Association of Franchise and Independent Dealers, LLC" that was marketed by a Realogy brand during that time period.

4. With respect to the Settlement Class, this Court preliminarily finds for purposes of effectuating this Settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Plaintiff and her chosen counsel, Leverty & Associates Law Chtd., have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the

controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action and Hearing on Proposed Settlement (the "Notice") and the Claim Form and finds that the mailing of the Notice -- alongwith a notice that is substantively similar and is published through an advertisement included in USA Today newspaper -- meets the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints Gilardi & Co., LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than June 30, 2014 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form to be mailed by First-Class Mail to all Class members who can be located from the unredacted spreadsheets produced by Defendants during the pendency of this matter or through reasonable efforts from the National Change of Address system administered by the United States Postal Service.

(b) On or before June 30, 2014, the Claims Administrator shall also cause for a one-time notice of the proposed settlement to be made through an advertisement included in USA Today newspaper.

(c) On or before July 7, 2014,

3

the Claims Administrator shall cause to be served on Class Counsel and Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing, and posting.

7. All Members of the Settlement Class who have not opted out of the case as provided in the Notice shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

8. a. All members of the Class who wish to object to the Settlement must do so by mailing, via first class United States mail, a written objection directed to Plaintiff's counsel or the Settlement Administrator, at the address(es) set forth in the Notice, postmarked on or before August 1, 2014. The objection shall clearly state that the Class member wishes to object to the Settlement, and shall be signed by the Class member. Any objection shall be deemed to have been made in each and every capacity in which the person objecting is acting. Any Class member who does not properly and timely object to the Settlement as directed above, shall be deemed to have waived any opportunity to object to the Settlement. If the Settlement is approved, all Class members shall be bound by any order(s) and/or judgment(s), and releases entered in this Action in connection with approval of the Settlement Agreement.

b. All members of the Class who wish to receive a settlement payment must submit a Claim Form using the form attached to the Class Notice, and attach the required documentation, via first class United States mail postmarked on or before August 29, 2014.

Any Class member who does not properly and timely submit a Claim Form with documentation shall be deemed to have waived an opportunity to receive a settlement payment pursuant to the settlement. If the settlement is approved, all Class members shall be bound by any order(s) and/or judgment(s) and releases entered in this Action, regardless of

4

whether they submitted a Claim Form or received a settlement payment.

      c. All members of the Class who wish to exclude themselves from the Class must do so by mailing, via first class Untied States mail, a written request for exclusion directed to the Settlement Administrator, at the address set forth in the Notice, postmarked on or before _____ August 1, 2104 . The request for exclusion shall clearly state the Class member wishes to be excluded from the Class, and shall be signed by the Class member requesting exclusion. Any request for exclusion shall be deemed to have been made in each and every capacity in which the person requesting the exclusion is acting. Any Class member who does not properly and timely request exclusion as directed above, shall be included in the Class, and shall be bound by any order(s) and/or judgment(s) entered in the Action. If the Settlement is approved, all Class members shall be bound by any order(s) and/or judgment(s), and releases entered in this Action in connection with approval of the Settlement Agreement.

    9. Any member of the Class who does not elect to exclude himself, herself, or itself from the Class may appear at the Fairness Hearing, in person or by counsel, solely at such Class member's personal expense, and be heard in support of, or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement, Plaintiff's counsel's request for an award of attorneys' fees and reimbursement of expenses, or any other matters relating to the Settlement or the Action. No Class member will be heard or entitled in any way to contest the approval of the Settlement Agreement and/or Plaintiff's counsel's request for attorneys' fees or reimbursement of expenses, unless, on or before September 22, 2014, such Class member files with the Clerk of the Court, United States District Court for the District of Nevada, 400 South Virginia Street, Reno, Nevada 89501, a notice of his, her or its intention to appear, in person or through counsel, with a written statement of the basis for any objection(s),

5

and all other papers or briefs he, she, or it wishes the Court to consider, and on or before that date, serves copies of all such papers filed with the Court on Plaintiff's counsel, Patrick Leverty, Leverty & Associates Law Chtd., 832 Willow Street, Reno, Nevada 89502, and on Defendants' counsel directed to Edward R. Spalty, Armstrong Teasdale LLP, 2345 Grand Boulevard, Suite 1500, Kansas City, Missouri 64108.

10. Any member of the Class who fails to object in the manner prescribed in paragraph 5 of this Order shall be deemed to have waived such objection, and shall be barred from raising any objections to the fairness, adequacy, or reasonableness of the terms of the Settlement Agreement, Plaintiffs' counsel's request for an award of attorneys' fees and reimbursement of expenses, and/or any other matters pertaining to the Settlement or this Action.

11. The parties are hereby directed to file with the Court all papers in support of the Settlement, and any application by Plaintiff's counsel for an award of attorneys' fees and/or reimbursement of litigation expenses no later than July 14, 2014. Any reply papers in response to objections shall be filed on or before August 15, 2014.

12. At or after the Final Approval Hearing, the Court shall determine whether the final settlement and any application for attorneys' fees or expenses shall be approved.

13. Pending the Court's final determination of whether the proposed Settlement is fair, reasonable, and adequate, all discovery and other pretrial proceedings in the Action relating to the claims against the Defendant are deemed stayed as of November 26, 2012, and suspended until further Order of the Court, except those proceedings in connection with effectuating the Settlement Agreement, and all Class members are barred and preliminarily enjoined from commencing or prosecuting, either directly, representatively, or in any other capacity, any of the

"Settled Claims," as that term is defined in the Settlement Agreement, against Defendant in these proceedings or any other proceeding in this or any other forum.

14. This Order, the Settlement Agreement, and all negotiations, papers, writings, statements and/or proceedings in connection with the Settlement shall not in any way be construed or used as or deemed to be evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing of any kind; (b) an admission or concession on the part of Defendants that any and all Class members have suffered any damage; or (c) an admission or concession on the part of any or all Class members that any of the claims asserted in this Action lack merit or that damages recoverable in this Action do not exceed the amount of the Settlement. This Order and such other documents in connection with the Settlement shall not be offered or received in evidence in any action or proceeding except in a proceeding to enforce the terms of the Settlement Agreement.

15. In the event the Settlement Agreement is not approved by this Court, approval of the Settlement does not become "Final," as that term is defined in the Settlement Agreement, or the Settlement Agreement is terminated for any reason or does not otherwise become effective, then the Settlement and the Settlement Agreement shall be deemed null and void ab initio; all orders and/or judgments entered in connection with effectuation and/or approval of the Settlement and Settlement Agreement shall be vacated, and have no force or effect; all releases entered or given by the Parties, the Class and/or the Court shall be deemed void in all respects as if such releases never existed; the Settlement Agreement shall have no further force and effect with respect to any Party in the Action or member of the Class, and shall not be used in the Action or in any other proceeding for any purpose; all negotiations, proceedings and statements made in connection herewith shall be without prejudice to any person or Party hereto, shall not

7

be deemed or construed to be admission by any Party of any act, matter, or proposition, and shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in the Action or in any other action or proceeding, including but not limited to the right of any Party to move for or oppose class certification; the Parties and each and every member of the Class shall revert to their respective positions as of November 26, 2012, and the Parties shall proceed in all respects as though the Settlement Agreement had never been executed.

16. The Court hereby reserves the right to extend any of the foregoing dates, for good cause shown, and specifically retains the right to adjourn the Fairness Hearing by oral announcement on the original hearing date described above without further written notice to the Class.

IT IS FURTHER ORDERED that the hearing on Motion for Class Certification currently set for 09:00 A.M., June 3, 2014 is VACATED.

Dated: May 30, 2014

_____
United States District Judge

8