UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JANITH MARTINEZ,

    Plaintiff,

v.

REALOGY CORPORATION; and
REALOGY FRANCHISE GROUP, LLC,

    Defendants.

Case No. 3:10-CV-00755-RCJ-VPC

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND HEARING ON PROPOSED SETTLEMENT

**YOU HAVE BEEN IDENTIFIED AS A PERSON WHO IS OR WAS A REALOGY BRAND AFFILIATED BROKER, SALES ASSOCIATE OR EMPLOYEE, OR A FAMILY MEMBER OF SAME, WHO, BETWEEN JULY 2007 AND JULY 2010, MAY HAVE PURCHASED AND/OR PAID PREMIUMS FOR A HEALTH INSURANCE PROGRAM SOLD BY AFID, LLC AND/OR ASSOCIATION OF FRANCHISE AND INDEPENDENT DISTRIBUTORS, LLC THAT WAS MARKETED BY A REALOGY BRAND DURING THAT TIME PERIOD.** Realogy is the parent company of franchisors Century 21 Real Estate, LLC, Coldwell Banker Real Estate, LLC, ERA Franchise Systems, LLC, Sotheby's International Realty Affiliates, LLC, and Better Homes and Gardens Real Estate, LLC.

**THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE NOTE THAT BECAUSE YOU ARE INCLUDED IN THE CLASS ACTION, YOU MAY BE ENTITLED TO SHARE IN THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE AND YOU MAY BE REQUIRED TO RELEASE CERTAIN CLAIMS AGAINST DEFENDANTS. PLEASE READ IT CAREFULLY.**

    This notice is given pursuant to Federal Rule of Civil Procedure 23(e)(1) and the Order of the Court entered May 30, 2014, to inform you of (a) the proposed settlement of the above entitled class action (the "Action" and the "Settlement"); and (b) the fairness hearing to be held by the United States District Court for the District of Nevada to consider (1) the fairness, reasonableness, and adequacy of the Settlement, (2) the award of fees

and expenses to Plaintiff's counsel ("Class Counsel"), and (3) the award of the class represeative's fee, and (4) such other matters as the Court may deem appropriate (the "Fairness Hearing").

**NOTICE IS HEREBY GIVEN THAT**:

A.  On March 6th, 2013, plaintiff Janith Martinez ("Plaintiff") and defendants Realogy Corporation and Realogy Franchise Group LLC ("Defendants") (Plaintiff and Defendants collectively referred to herein as the "Parties"), entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement") settling this Action, upon certain terms and conditions, as to claims against Defendants. Subsequently, on January 29, 2014 and on February 20, 2014, the Parties entered into Addendums to the Settlement Agreement.

B.  Pursuant to an Order of the Court dated May 30, 2014, and pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, a Fairness Hearing will be held in the United States District Court for the District of Nevada, 400 South Virginia Street, Reno, Nevada, on 09:00 A.M., Monday, October 6, 2014, Courtroom 6, for the purpose of determining whether the terms of the Settlement are fair, reasonable, and adequate and should be approved by the Court, and the amount, if any, that should be awarded to Class Counsel in attorneys' fees and reimbursement of litigation expenses, and the amount, if any, that should be awarded to Janith Martinez for acting as the class representative.

The Fairness Hearing may be adjourned by the Court from time to time without any further notice.

**DESCRIPTION OF THE LITIGATION**

There is presently pending in the United States District Court for the District of Nevada a lawsuit against Defendants. The action alleges that Defendants marketed unlawful or illusory

health insurance programs sold by the Association of Franchise and Independent Distributors, LLC (a/k/a AFID, LLC) to Realogy brand affiliated brokers, sales associates, and employees.

## DEFENDANTS' DENIAL OF WRONGDOINGS

Defendants deny the substantive allegations of Plaintiff's claims and deny any wrongdoing or liability whatsoever to the members of the Class. Defendants contend that they acted properly and lawfully at all times. Defendants desire to settle and terminate the Action so as to avoid lengthy and time-consuming litigation and the substantial burden, inconvenience and expense connected therewith, and to finally put to rest any and all claims that were or could have been asserted in this Action or arising out of the matters set forth in the pleadings, without in any way acknowledging any fault or liability on behalf of Defendants. The Settlement and all related documents are not to be, and shall not be, construed as an admission by Defendants of any damage to the members of the Class, or any wrongdoing or liability on the part of Defendants, or any other person.

## CLASS CERTIFICATION

Pursuant to the Settlement Agreement, the parties have stipulated to the certification of a class (the "Class") consisting of "all persons who are or were Realogy brand affiliated brokers, sales associates or employees, and their family members as applicable, who, between July 2007 and July 2010, purchased and/or paid premiums for a health insurance program sold by AFID, LLC and/or "Association of Franchise and Independent Distributors, LLC," that was marketed by a Realogy brand during that time period.

## THE PROPOSED SETTLEMENT TERMS

After extensive document discovery in the Action, Plaintiff and Defendants entered into the Settlement Agreement on March 6, 2013 and Addendums thereto, which, subject to Court approval and certain other conditions, provide for the following: If the proposed Settlement is

3

approved by the Court, and the Settlement becomes Final as provided in the Settlement Agreement, then Defendant will pay a settlement amount of $1,000,000.00 (the "Settlement Amount"). Defendants shall fund the Settlement Amount with an initial contribution in the amount of $600,000 to be paid to a Settlement Account established by the Settlement Administrator, Gilardi & Co., LLC, within ten (10) days from the Settlement becoming final. Defendants will continue to contribute to the Settlement Account as necessary up to the value of the Settlement Amount. The Settlement Amount will be distributed for an award of fees and costs to Class Counsel, a class representative payment to Plaintiff, and distributions to the Class members. Subject to proper proof of payment, the distribution to each Class members shall be forty percent (40%) of the greater of: (a) the premiums paid by claiming Class members to AFID, LLC minus the amount of medical insurance claim benefits received, or, at the election of the Class Member and upon proper documentation (b) the amount of medical insurance claims wrongfully not paid. The total amount paid to the entire class shall not exceed $694,500, and to the extent forty percent (40%) of the total aggregated claims of Class members exceeds $649,500, then Class members shall be paid on a pro rata basis. *If you are a member of the Class, you must submit a Claim Form by the Claim deadline and you must attach the required documentation to share in the proceeds of the proposed Settlement. The Claim Form is attached to this Notice. If you submit a Claim Form with the required documentation and your Claim is verified by the Claims Administrator, and the proposed Settlement is approved by the Court and becomes effective, you will automatically receive a distribution to be paid in the Settlement.*

**If you have a claim for return of premiums, unpaid medical bills, loss of creditable coverage, or some other form of damages relating to the AFID insurance, or you are in any**

4

**way unsatisfied with the terms of the settlement, you may request exclusion from the class ("opt out") and pursue your claims on an individual basis against Defendants. If, however, you choose to remain in this class action you FORFEIT your right to claim damages for unpaid medical bills, a return of premium, loss of creditable coverage, and/or other damages relating to the AFID insurance from Defendants.**

### DISMISSAL OF THE ACTION AND CLASS RELEASE/AMENDMENT

If the Settlement is approved, and the Settlement becomes "final," as that term is defined in the Settlement Agreement, the claims against the Defendants and the Action will be dismissed, with prejudice, and Plaintiff and each and every member of the Class (other than those persons or entities who timely and validly request exclusion from the Class) will release and discharge all of their claims against Defendants relating to the subject matter of the Action, regardless of whether the class member submitted a claim form.

### EFFECTIVENESS OF THE SETTLEMENT

The effectiveness of the Settlement and Defendants' obligations thereunder, are subject to a number of conditions which may or may not be satisfied. These include, but are not limited to: (a) the Settlement being approved by the Court as fair, reasonable or adequate; and (b) the Settlement becoming "final" (as defined in the Settlement Agreement) at the District Court or appellate court level. There can be no assurance that any or all of these conditions to the effectiveness of the Settlement can be met. In the event the Settlement is not approved by the Court or does not become effective for any reason whatsoever, all findings, releases, orders and judgments related to the Settlement shall be vacated and become null and void, except as expressly provided in the Settlement Agreement, and the parties and the claims against the Defendants shall be restored to their respective positions on the date immediately preceding the date the proposed Settlement was reached.

5

**THE FOREGOING IS A SUMMARY OF THE TERMS AND CONDITIONS SET FORTH IN THE SETTLEMENT AGREEMENT. CLASS MEMBERS AND OTHER INTERESTED PERSONS WHO WISH TO REVIEW ALL TERMS AND CONDITIONS OF THE SETTLEMENT ARE URGED TO REVIEW THE SETTLEMENT AGREEMENT.**

### THE FAIRNESS HEARING

The Fairness Hearing will be held before the Honorable Robert C. Jones at the United States District Court for the District of Nevada, 400 South Virginia Street, Reno, Nevada, on 09:00 A.M., October 6, 2014, Courtroom 6., (or at any such adjourned date or time as the Court may direct without further notice), (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Settlement Agreement, is fair, reasonable and adequate, and should be approved by the Court, and (b) to consider the application by Class Counsel for an award of attorneys' fees and reimbursement of litigation expenses.

If you are a member of the Class, if you submit a Claim form, and if you did not previously request exclusion from the Class, you will receive the benefits provided by the proposed Settlement if it is approved by the Court, and you do not need to appear at this hearing or take any action. If the Settlement becomes "Final," as that term is defined in the Settlement Agreement, and is effectuated, you will receive a distribution from the Settlement Account, and your claims against the Defendants will be automatically dismissed with prejudice and released as provided in the Settlement Agreement.

### RIGHT TO BE EXCLUDED FROM THE CLASS

If you do not wish to remain a member of the Class, you must request exclusion from the Class (sometimes referred to as an "opt out") by mailing, via first class United States mail, a written, signed request for exclusion clearly stating that you wish to be excluded from the Class, postmarked no later than August 1, 2014, directed to the Claims Administrator, Claims Administrator, c/o Gilardi & Co., LLC, 3301 P.O. Box 8060, San Rafael

6

CA 94912-8060. If you timely and validly request exclusion from the Class: (1) you will not be entitled to share in any recovery that may be obtained in this Action; (2) you will not be bound by any further order(s) or judgment(s) in the Action, whether favorable or not; and (3) you may pursue any claims you may have against Defendants, at your own expense, with respect to the claims asserted on behalf of the Class.

## CLASS MEMBERS' RIGHT TO APPEAR

Any member of the Class who does not timely and properly request exclusion from the Class may appear at the Fairness Hearing, in person or through counsel, solely at such Class member's personal expense, to be heard in support of, or in opposition to, the proposed Settlement, the application of Class Counsel for an award of attorneys' fees and reimbursement of litigation expenses, the application for the award to Plaintiff as the class representative, and/or such other matters relevant to the Action and the Settlement, provided that no person or entity shall be heard or entitled to be heard at the Fairness Hearing unless on or before September 22, 2014 (or unless the Court shall otherwise direct) that person or entity shall file with the Clerk of the Court and serve by hand or via first-class United States mail, a notice of his, her, or its intent to appear, personally or through counsel, with a written statement of the basis for the appearance, and any supporting papers and briefs relating to such support or objection(s) that such Class member wishes the Court to consider, on Class Counsel, addressed to Patrick R. Leverty, Esq., Leverty & Associates Law Chtd., 832 Willow Street, Reno, Nevada 89502 and to Defendants' Counsel, addressed to Edward R. Spalty, Esq., Armstrong Teasdale LLP, 2345 Grand Boulevard, Suite 1500, Kansas City, Missouri 64108.

Any member of the Class who fails to appear and/or object in the manner prescribed herein shall be deemed to have waived such objection, and shall be barred from raising any objections to the fairness, adequacy or reasonableness of the Settlement Agreement, Class

7

Counsel's request for an award of attorneys' fees and reimbursement of expenses, the application for the award to Plaintiff as the class representative, and/or any other matters related to the Action or the Settlement.

## THE APPLICATION OF CLASS COUNSEL FOR FEES AND EXPENSES

If the Court approves the proposed Settlement, then Class Counsel will petition the Court for an award of Counsel Fees and Expenses in an amount not to exceed $250,500, for services rendered in connection with the Action and Settlement, to be paid from the Settlement Amount. This amount includes $245,000 for Counsel Fees and up to $5,500 for Expenses. Defendants will not object to Class Counsel's application to the Court for such an award for the prosecution of this Action. To the extent Expenses exceed $5,500 said costs shall be borne by Class Counsel. To the extent Expenses are less than $5,500, the remainder shall be paid to Defendants.

## LIMITATION OF FURTHER ACTION AND BAR ORDER

Pending final determination of whether the Settlement should be approved, the Court has ordered that no member of the Class may commence or prosecute, directly, representatively, or in any capacity, any of the "Settled Claims," as defined in the Settlement Agreement, including any claim which has been or could have been asserted in the Action and which arises out of or is in any way related to the "Settled Claims," in these proceedings or in any other proceedings in this or any other forum. Following the Court's determination of the matters presented to it at the Fairness Hearing, a Class member who has filed a timely and valid Request for Exclusion from the Class, shall no longer be subject to this restriction. Upon the Settlement becoming "final," as that term is defined in the Settlement Agreement, all Class members who have not validly and timely requested exclusion from the Class, will be permanently barred and enjoined from instituting or prosecuting any action or proceeding against Defendants based upon, related to, or in connection with, the "Settled Claims," in this or any other forum.

## EFFECT OF DISAPPROVAL OR TERMINATION OF SETTLEMENT

In the event that fifty (50) or more Class members exclude themselves from the Class, then Defendants may terminate the Settlement Agreement. Likewise, in the event that the court or, in the event of an appeal, the highest appellate court to which the Settlement Agreement is presented, refuses to approve the Settlement Agreement (other than Class Counsel's request for attorneys' fees and/or reimbursement of litigation expenses), then Defendants may terminate the Settlement Agreement.

If for any reason the Settlement Agreement does not become "Final," as that term is defined in the Settlement Agreement, or the Settlement is terminated pursuant to the provisions of the Settlement Agreement, the Settlement Agreement shall have no further force and effect with respect to any Party in the Action or member of the Class, and shall not be used in the Action or in any other proceeding for any purpose; all negotiations, proceedings and statements made in connection therewith shall be without prejudice to any person or Party thereto, shall not be deemed or construed to be an admission by any Party of any act, matter or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in the Action or in any other action or proceeding, including but not limited to the right of any Party to move for or oppose class certification; all findings, orders, releases and judgments by the Court shall become null and void; the Parties shall revert to their respective positions as of March 6, 2013; and the Parties shall proceed in all respects as though the Settlement Agreement had never been executed.

The Settlement Agreement and any related documents are not and shall not be construed as an admission by the Defendants of the truth or validity of any claim which has or could have been asserted in the Action, or of any fault or liability or wrongdoing whatsoever on the part of Defendants, nor shall they be deemed or construed as an admission by Plaintiff of a lack of merit

9

to any of their allegations or claims against Defendant or that the Class damages do not exceed the amount of the Settlement.

## SCOPE OF THIS NOTICE

**THE ABOVE DESCRIPTION OF THE MATTERS INVOLVED IN THE ACTION AND THE PROPOSED SETTLEMENT ARE ONLY A SUMMARY AND NOT ALL INCLUSIVE.** In the event of any conflict between this Notice and the Stipulation, and Agreement of Settlement, the Stipulation shall control. Members of the Class are referred to the pleadings, Settlement Agreement, and the other documents filed in the Action for a complete description of the terms thereof, all of which are available for inspection by contacting Class Counsel. Capitalized terms not otherwise defined in this Notice have the meaning given to them in the Settlement Agreement.

**THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF THE RESPECTIVE CLAIMS OR DEFENSES AS TO ISSUES OF LIABILITY OR DAMAGES. THIS NOTICE IS SENT ONLY TO ADVISE YOU OF THE PROPOSED SETTLEMENT DESCRIBED HEREIN AND OF CERTAIN RIGHTS YOU MAY HAVE WITH RESPECT THERETO.**

## FURTHER INQUIRIES

Any inquiries regarding this Notice or the Action may be directed to the following: to Class Counsel:

> Patrick Leverty
> Leverty & Associates
> 832 Willow Street
> Reno, NV 89502
> Telephone: 775.322.6636

or to the Claims Administrator:

        Gilardi & Co., LLC
        P.O. Box 8060
        San Rafael CA 94912-8060
        (877) 290-9464
        Classact@gilardi.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE DIRECTLY FOR SUCH INFORMATION.**

BY ORDER OF THE COURT:

Dated: May 30, 2014.

_____
United States District Court

11