Vernon E. Leverty, Esq, NV Bar No. 1266
Patrick R. Leverty, Esq., NV Bar No. 8840
William R. Ginn, Esq., NV Bar No. 6989
LEVERTY & ASSOCIATES LAW CHTD.
832 Willow Street
Reno, Nevada 89502
Ph.: 775.322.6636
*Attorneys for Plaintiff Janith Martinez*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JANITH MARTINEZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REALOGY CORPORATION, a Delaware Corporation; REALOGY FRANCHISE GROUP, LLC, a Florida limited liability company;<br><br>Defendants.<br>_____/ | Case No: 3:10-cv-00755-RCJ-VPC<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court to determine whether a proposed settlement (the "Settlement") as set forth in the Settlement Agreement and Agreement of Settlement dated March 6, 2013, the Addendum to the Settlement Agreement dated January 29, 2014, and the Second Addendum to the Settlement Agreement dated February 20, 2014 (collectively, the "Settlement Agreement"), entered into, on the one hand, by the Plaintiff in this action (the "Litigation") Janith Martinez ("Plaintiff"), on behalf of herself and all members of the putative class, and, on the other hand, defendants Realogy Corporation and Realogy Franchise Group LLC (collectively, "Defendants"), should be finally approved as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure. Having considered all papers filed and proceedings held herein, including a hearing (the "Settlement Hearing") held on October 6, 2014, and good cause appearing therefore, the Court orders as follows:

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. This Order incorporates by reference the definitions in the Settlement Agreement and

the Preliminary Approval Order dated May 30, 2014 (Doc 158).

2. The Court has jurisdiction over the subject matter of the Litigation and over Defendants, Plaintiff and all members of a class (the "Settlement Class") of all persons who are or were Realogy brand affiliated brokers, sales associates or employees, and their family members as applicable, who, between July 2007 and July 2010, purchased and/or paid premiums for a health insurance program sold by AFID, LLC and/or Association of Franchise and Independent Distributors, LLC, that was marketed by a Realogy brand during that time period (the "Settlement Class Members").

3. For purposes of the Settlement only, the Court finds that the Settlement Class satisfies the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to Settlement Class Members; (c) Plaintiff's claims are typical of the claims of the Settlement Class that she seeks to represent; (d) Plaintiff will fairly and adequately represent the interests of the Settlement Class with respect to the claims asserted against Defendants; (e) the questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the claims asserted against the Defendants.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, Plaintiff is certified as Settlement Class Representative and Plaintiff's counsel, Patrick Leverty, Esq., Leverty & Associates Law Chtd., is certified as Settlement Class Counsel.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to, and in the best interests of, Plaintiff, the Settlement Class, and each of the Settlement Class Members. The Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiff, Settlement Class Members and Defendants. Accordingly, the Settlement set forth in the Settlement Agreement is hereby approved in all respects, and Plaintiff and Defendants are hereby directed to consummate the Settlement in accordance with the terms of the

Settlement Agreement.

6. The Court has been informed there have been no requested exclusions from the Settlement Class.

7. At or prior to the Settlement Hearing, ____ persons objected to the terms of the Settlement. The Court has carefully considered such Objections, but nonetheless finds that the Settlement should be finally approved as fair, reasonable and adequate.

8. Plaintiff and each and every Settlement Class Member (other than those persons or entities who timely and validly request exclusion from the Class), and each of their respective past, present or future administrators, heirs, executors, trustees, partners, directors, officers, shareholders, employees, consultants, representatives, agents, attorneys, accountants, insurers, predecessors, successors, successors-in-interest and assigns (the "Plaintiff Releasors"), shall be deemed to have released and discharged, absolutely and forever, the Defendants, and their past, present or future trustees, partners, directors, officers, shareholders, employees, consultants, representatives, agents, accountants, attorneys, insurers, predecessors, successors, successors-in-interest, assigns, parents, affiliates, and subsidiaries, including but not limited to Century 21 Real Estate LLC, Coldwell Banker Real Estate LLC, ERA Franchise Systems, LLC, Sotheby's International Realty Affiliates LLC, Better Hoines & Gardens Real Estate LLC, and Coldwell Banker Commercial Affiliates, and any other person or entity who might be legally responsible to Plaintiff and/or the Settlement Class and any member thereof ("Defendant Releasees") from all manner of claims, whether known or unknown, which have been asserted or, based upon the facts, circumstances and claims alleged, could have been asserted by the Plaintiff on its own behalf and on behalf of the Settlement Class in the Action against the Defendants and/or any of the Defendant Releasees in connection with, arising out of, or in any way related to any acts, facts, transactions, occurrences, representations or omissions set forth, alleged or otherwise referred to in or embraced by the Action or the Complaint, including, but not limited to, any present or future claims concerning any insurance purchased from and/or premiums paid to AFID, LLC (the "Settled Claims"), except to enforce the terms and provisions of this Settlement Agreement. A timely and valid request for exclusion by any Settlement Class Member shall operate to exclude from the Settlement Class the claims of all persons whose claims

3

arise out of or relate to the same insurance policy, even if such other person or persons submitted a valid and timely Proof of Claim.

9. Defendants and their respective past, present or future administrators, trustees, partners, directors, officers, employees, consultants, representatives, agents, attorneys, accountants, successors, successors-in-interest and assigns (the "Defendant Releasors"), shall be deemed to have released and discharged, absolutely and forever, the Plaintiff, and each of its respective past, present or future spouses, heirs, executors, administrators, trustees, partners, directors, officers, employees, consultants, representatives, agents, accountants, attorneys, insurers, successors, successor-in-interest, assigns, parents, affiliates, and subsidiaries ("Plaintiff Releasees"), from all manner of claims, whether known or unknown, which have been asserted or, based upon the facts, circumstances and claims alleged, could have been asserted by Defendant against the Plaintiff and/or any of the Plaintiff Releasees in connection with, arising out of, or in any way related to any acts, facts, transactions, occurrences, representations or omissions set forth, alleged or otherwise referred to in the Action or the Complaint, or in connection with any matters relating to the Settlement, except to enforce the terms and provisions of this Settlement Agreement.

10. Each and every Plaintiff Releasor is forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting, any and all Settled Claims against any and all Defendant Releasees, whether or not such Plaintiff Releasor executes the Proof of Claim and Release.

11. Nothing in this Judgment shall in any way impair or restrict the rights of Plaintiff or Defendants to enforce the terms of the Settlement Agreement.

12. The Court finds that the manner of providing notice of the Settlement to the Settlement Class met the requirements of Federal Rule of Civil Procedure 23 and due process, and was the best notice practicable under the circumstances; and constitutes due and sufficient notice to all persons entitled thereto. No Settlement Class Member shall be relieved or excused from the terms of the Settlement, including the releases of claims provided for herein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. The Court finds

1 that a full opportunity has been afforded to Settlement Class Members to object to the Settlement and/or to participate in the Settlement Hearing. It is therefore determined that all Settlement Class Members are bound by this Judgment.

13. The Court finds that the Plan of Allocation described in paragraph 1 of the Settlement Agreement is a fair and reasonable method to distribute the Settlement Fund to the Settlement Class.

14. The Settlement Administrator shall continue to serve as such until such time as all funds in the Settlement Fund are distributed pursuant to the terms of the Settlement Agreement and a final accounting, satisfactory to Class Counsel and Defendants' Counsel, has been provided to Class Counsel and Defendants' Counsel.

15. Neither the Settlement Agreement nor the Settlement, whether or not consummated, nor any negotiations, discussions, proceedings, acts performed or documents executed pursuant to or in furtherance of the Settlement Agreement or the Settlement, is or may be:

   (a) deemed to be, or used as, an admission of, or evidence of, the validity or lack thereof of any Settled Claim, or of any wrongdoing or liability of any Defendant;

   (b) offered or received against any Defendant as evidence of a presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Plaintiff or any Settlement Class Member as evidence of any infirmity in the claims of Plaintiff and the Settlement Class;

   (c) deemed to be, or used as, an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, including the releases therein;

   (d) construed against Defendants, Plaintiff or the Settlement Class as an admission or concession that the consideration provided for in the Settlement Agreement represents the amount that could be or would have been recovered after trial.

16. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; (b) distribution of the Settlement Fund, including interest earned thereon; (c) hearing and determining applications for attorneys' fees

and expenses; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

17. The Court finds that an award of attorneys' fees to Settlement Class Counsel in the amount of $245,000.00 is fair and reasonable. In addition, the Court grants the amount of $5,500.00 to Settlement Class Counsel as reimbursement of reasonable litigation expenses, and the amount of $5,000.00 to Plaintiff as an incentive payment for her participation and supervision of the Litigation. The foregoing amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Any appeal from the portion of this Judgment that relates solely to the fees and expenses granted hereunder shall have no effect on the finality of this Judgment or the Effective Date as provided for in the Settlement Agreement.

18. In the event that the Settlement does not become Final in accordance with the terms of the Settlement Agreement, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

19. The Parties to the Settlement are to bear their own fees and costs, except as otherwise provided for in the Settlement Agreement.

20. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Clerk is further directed that the third-party claims by Third-Party Plaintiffs against the Third-Party Defendants shall remain active and are not subject to dismissal by this Order and Judgment.

IT IS SO ORDERED.

DATED: October 6, 2014.

_____
United States District Judge